# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BENSON, | Case No. 2:17-cv-0447-RFB-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 83, 88) |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Pending before the Court is a motion to strike filed on an emergency basis by the LVMPD Defendants. Docket No. 83. Numerous other parties have filed joinders thereto. Moreover, the Las Vegas Review Journal Defendants have filed a motion to strike additional documents. Docket No. 88. The Court finds a response from Plaintiff unnecessary, and further finds that the motions to strike are properly resolved without a hearing. *See* Local Rule 78-1.

The Court has authority to strike an improper filing under its inherent power to control its docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9thCir. 2010).[1] "Motions to strike under the inherent power . . . are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive

---

[1] Rule 12(f) of the Federal Rules of Civil Procedure provides bases for striking portions of a "pleading." The underlying documents in this case are not pleadings, so the Court addresses the issue instead to its inherent authority.

and repetitive filing that have complicated proceedings. *Id.* Courts have expressed reluctance at striking material without some showing of prejudice to the moving party. *Cf. Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013) (addressing motion to strike brought pursuant to Rule 12(f)).

The motions at issue seek an order striking the following papers:

- The "Writ Denying Defendants [sic] Motions" at Docket No. 42;
- The "Writ of Contempt" at Docket No. 60;
- The "Writ of Denial" at Docket No. 69;
- The "Writ of Denial" at Docket No. 79; and
- The "Ruling and Judgment" at Docket No. 81.

Although each of these documents was filed by Plaintiff, they are styled as if they are rulings issued by a court: the documents are purportedly issued by "**The Court**," are signed by Plaintiff as "Attornatus Privatus" and by Marina Calove as "Superior Court Justice for the united States of America (continental),"[2] and bear seals for the same. *See, e.g.*, Docket No. 42 at 9 (emphasis in original).

The pending motions seek to strike these documents as fake orders from an imagined court that are immaterial to this case. *See, e.g.*, Docket No. 83 at 15. Moreover, the movants have identified prejudice in allowing the material to remain on the docket; namely, that litigants can use such documents to obtain bogus liens on their litigation opponents. *See, e.g., id.* at 2, 15. The Court agrees that the documents are improper and that they should be stricken as an exercise of the Court's discretion.

Accordingly, the motions to strike are both **GRANTED**, and the Clerk's Office is **INSTRUCTED** to **STRIKE** the papers at Docket Nos. 42, 60, 69, 79, and 81.

IT IS SO ORDERED.

DATED: June 27, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Ms. Calove is a *pro se* litigant who has filed her own cases in this District. *See, e.g., Calove v. Nationstar Mortgage, LLC*, Case No. 2:14-cv-01329-JAD-NJK.