# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BENSON, | Case No. 2:17-cv-00447-RFB-NJK |
| Plaintiff(s), | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Pending before the Court a motion for an order declaring Plaintiff Thomas Benson a vexatious litigant, filed by the LVMPD Defendants. Docket No. 82. Mr. Benson filed a response in opposition, Docket No. 98, and the LVMPD Defendants filed a reply, Docket No. 101.[1] For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that Mr. Benson be **DECLARED** a vexatious litigant.

## I. BACKGROUND

On June 8, 2016, Mr. Benson filed suit against numerous defendants based on allegations arising out of an alleged incident in May 2016, during which Mr. Benson was handcuffed. *Benson v. Las Vegas Metropolitan Police Department*, Case No. 2:16-cv-1268-RFB-PAL (D. Nev.). On January 10, 2017, that case was dismissed with prejudice. *See* Docket No. 55-2 (exhibit filed in this case of transcript of hearing in previous case). During the hearing in that case, the Court advised Mr. Benson that the dismissal of that case would prevent him from refiling his claims in a new action. *See id.*

---

[1] Other Defendants filed joinders both to the motion and the reply.

On February 10, 2017, Mr. Benson initiated this lawsuit against numerous defendants based on the same allegations arising out of the same incident in May 2016. *See* Docket No. 1 at ¶¶ 14-25. Throughout the course of this litigation, Mr. Benson has repeatedly filed documents purporting to be orders or other documents issued by a non-existent court:

- Docket No. 19 is entitled "Re: Cease and Desist" and purports to be an order making "Findings of Fact . . . and Conclusion of Law" enjoining Defendants. Docket No. 19 at 1, 9-10. That document bears a seal, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Judge." *Id.* at 10 (emphasis in original).

- Docket No. 42 is entitled "Re: Writ Denying Defendants [sic] Motions" and purports to be an order making "Findings of Fact . . . and Conclusion of Law" denying motions that were filed by certain Defendants. Docket No. 42 at 1, 8-9. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Justice for the united States of America ( continental)." *Id.* at 9 (emphasis in original).

- Docket No. 60 is entitled "Re: Writ of Contempt" and purports to be an order making "Findings of Fact . . . and Conclusion of Law." Docket No. 60 at 1, 8. That document purports to be an order holding various defendants and "the judge/magistrate" in contempt. *Id.* at 10. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Justice for the united States of America ( continental)." *Id.* at 10 (emphasis in original).

- Docket No. 69 is entitled "Re: Defendant's Motion to Quash Service and Dismiss" and purports to be an order denying motions that were filed by certain Defendants. Docket No. 69 at 1, 5-6. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Justice for the united States of America ( continental)." *Id.* at 6 (emphasis in original).

- Docket No. 79 is entitled "Re: Writ of Denial" and purports to be an order denying certain matters before the Court. Docket No. 79 at 1, 7-8. That document threatens imprisonment and other sanctions against Defendants and their attorneys. *Id.* at 8. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Justice for the united States of America ( continental)." *Id.* at 8 (emphasis in original).
- Docket No. 81 is entitled "Ruling and Judgment" and purports to be a final resolution of this case through which judgment is entered against Defendants for millions of dollars. Docket No. 81 at 1, 14-18. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Marina Calove [as] Superior Court Justice for the united States of America ( continental)." *Id.* at 8 (emphasis in original).
- Docket No. 98 is entitled "Re: Writ Denying Defendants [sic] 'Emergency' Motion" and purports to be an order denying the motion to declare Mr. Benson to be a vexatious litigant. Docket No. 98 at 1, 6. That document purports to find Defendants' attorneys to be impermissible foreign agents and purports to find that any liens obtained are proper. *See id.* at 2, 5. That document bears a seal, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus." *Id.* at 6 (emphasis in original).[2]
- Docket No. 121 is entitled "Writ of Error Qua Corum Nobis Resident" and purports to be an order admonishing certain attorneys representing Defendants for submitting

---

[2] The Court has sought to conscientiously balance Mr. Benson's right to access the courts with Defendants' right to be free from harassing and prejudicial filings. The Court has only stricken documents when not doing so would be prejudicial to Defendants, such as the potential that the document could be used to create a false lien. *Compare* Docket No. 54 (denying without prejudice motion to strike document that did not identify prejudice) *with* Docket No. 96 (striking documents upon showing of prejudice). Although the Court has stricken Docket No. 98, the Court is also treating that filing as an opposition to the motion to declare Mr. Benson a vexatious litigant. Docket No. 133. That document is still accessible to the Court and has been considered herein in conjunction with the motion to declare Mr. Benson a vexatious litigant. *Id.* at 1 n.1 (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058-59 (9th Cir. 2007) (party must be given opportunity to respond with respect to vexatious litigant ruling)).

arguments without being empowered to do so. Docket No. 121 at 1, 10-11. That document also purports to conclude that certain errors were made by the Court, including that the Clerk's Office and a magistrate judge are without power to strike documents filed on the docket. *Id.* at 10, 12-16. That document also purports to hold certain Defendants and counsel in contempt, rendering them required to pay a fine to Mr. Benson, and further purports to void the orders issued by the undersigned. *Id.* at 16-17. That document bears two seals, is purportedly issued by "**The Court**," and is signed by Mr. Benson as "Attornatus Privatus" and "Michaelene Jo [as] Chief Justice superior court of the united States of America (unincorporate)." *Id.* at 18 (emphasis in original).

- Docket No. 132 is entitled "Peoples [sic] Petite Jury Nevada . . . Ruling" and purports to be a jury verdict returned in Mr. Benson's favor. Docket No. 132 at 1. That document also purports to void an indictment against Mr. Benson and grant him various injunctive relief. *Id.* at 3. That document bears a seal, is purportedly signed by a "Jury Foreman" and El Paso County "Magistrate" Gregory Alan Johnson, and bears the fingerprints of the purported signatories. *Id.* at 4.[3,4]

Throughout this time period, the Court has issued orders identifying Mr. Benson's filings as improper. On April 4, 2017, the Court found that Docket No. 19 was a "fake order from an imagined

---

[3] Although it is obvious that the documents are fake orders from an imagined court, the undersigned notes for the record that the signatories do not appear to be recognized judicial officers. Ms. Calove is a *pro se* litigant who has filed her own cases in this District. *See, e.g.*, *Calove v. Nationstar Mortgage, LLC*, 2016 U.S. Dist. Lexis 71264 (D. Nev. May 31, 2016) (dismissing case brought by Ms. Calove, and closing case). Ms. "Jo" similarly appears to be a *pro se* litigant. *See, e.g.*, *Formanack v. Rios*, 2015 U.S. Dist. Lexis 87372 (W.D. Wis. Dec. 10, 2015) (*sua sponte* dismissing case brought by Michaelene Jo Formanack as frivolous since claims were based on "long-discredited 'sovereign citizen' theories"). Mr. Johnson is not a magistrate (or any other judicial officer) in El Paso County, Colorado or in El Paso County, Texas. *See* https://www.courts.state.co.us/Courts/County/Contact.cfm?County_ID=6 (last visited October 23, 2017); http://www.epcounty.com/councilofjudges/courtdirectory.htm (last visited October 23, 2017); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (courts may take judicial notice of information on government websites).

[4] Mr. Benson's choice of having this document signed by a fake "Magistrate" is particularly interesting given his repeated assertions that magistrate judges lack the authority to "speak for the court." *E.g.*, Docket No. 99 at 1.

court." Docket No. 54. On June 27, 2017, the Court struck numerous documents as fake orders that could be used to harass Mr. Benson's litigation opponents by obtaining bogus liens against them. Docket No. 96.[5] Mr. Benson's conduct has continued unabated notwithstanding these orders. Indeed, Mr. Benson has been transparent and unabashed in his desire to use the fake orders to obtain bogus liens. *See* Docket No. 98 at 5 (contending that any liens he obtains are not "false liens"); *see also id.* (stating that Defendants may avoid these liens by paying Mr. Benson instead). Moreover, it is abundantly clear that Mr. Benson is intentionally attempting to misuse the judicial process by filing these fake orders as he is well aware how to file a document as a motion or brief that does not purport to issue from a court. *See, e.g.*, Docket No. 40 (responsive brief); Docket No. 62 (motion for default judgment).

## II. STANDARDS AND ANALYSIS

This Court has the power to enter pre-filing orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057.

In determining whether a pre-filing order is appropriate, the Ninth Circuit has outlined four factors to be considered. *See, e.g.*, *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing *De Long*, 912 F.2d at 1147). First, the litigant must be given notice and a chance to be heard. Second, the Court must compile an adequate record for review, including listing the cases and motions that led to the conclusion that a vexatious litigant order was needed. Third, the Court must

---

[5] In a filing fashioned as a "Writ of Error" issued from Mr. Benson's fake "court," Mr. Benson objects to the undersigned's order on the grounds that "the magistrate [judge] is not authorized to speak for the court." Docket No. 99 at 1. That objection remains pending before United States District Judge Richard F. Boulware, II, as do some of Mr. Benson's other filings that might be included as grounds for a finding that he is a vexatious litigant. Because the record is amply sufficient even not considering those additional filings, however, the Court will not opine on them herein.

make substantive findings about the frivolous or harassing nature of the party's litigation. Fourth, any pre-filing order must be narrowly tailored to closely fit the specific vice encountered.

The first two considerations are procedural in nature while the latter two are substantive in nature. *Id.* In applying the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Molski*, 500 F.3d at 1058).

A.  Notice

A pre-filing order may be entered only if the subject of that order had notice and an opportunity to be heard. "This is a core requirement of due process." *Molski*, 500 F.3d at 1058. In this instance, the LVMPD Defendants filed a motion that Mr. Benson be declared vexatious, and he filed a response. Docket Nos. 82, 98.[6] Accordingly, Mr. Benson was given notice and an opportunity to be heard.

B.  Adequate Record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* An adequate record exists in this instance. As outlined above, Mr. Benson has filed at least nine documents in this case that are sham court orders. Moreover, he has continued to file such documents notwithstanding orders that such filings are improper.

---

[6] The Court finds this matter properly decided without a hearing. *See* Local Rule 78-1. The requirement that the plaintiff have an opportunity to be heard does not require a hearing; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

C. The Frivolous Nature of Mr. Benson's Litigation

Before issuing a pre-filing order, "it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). With respect to a finding of frivolousness, the Court should look to both the number and content of the filings. *Id.* As an alternative, the court may find that the litigant's filings "show a pattern of harassment" such that a pre-filing order is necessary. *See id*. "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064.

The frivolous nature of Mr. Benson's filings are clear. While Mr. Benson is well aware of how to file a document as a *pro se* litigant seeking or opposing relief, he has chosen to file numerous documents as if he himself may act as a "court" entitled to dictate relief to be granted. *See* Section I. He has also taken it upon himself to file a purportedly executed jury verdict and issue a judgment, *see id.*, despite this case not going to trial and remaining open. The number and type of filings made show a pattern of harassment.

Moreover, less restrictive options are not viable here. Mr. Benson has continued with his harassing strategy even after orders have been issued identifying the inappropriateness of his filings. For example, on June 27, 2017, the Court struck five documents as court order imposters that could be used improperly to obtain false liens against Defendants and/or their attorneys. Docket No. 96. Mr. Benson remained undeterred, thereafter filing several additional fake documents from a non-existent court and a non-existent jury. Docket Nos. 98, 121, 132.

D. Narrowly Tailored Relief

In light of the above, a pre-filing order is warranted. The Court must therefore craft a narrowly tailored pre-filing order. An order is narrowly tailored where "it preserves [the litigant's] right to adequate, effective and meaningful access [to the court], . . . while protecting the court from abuse." *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (internal citation omitted).

With respect to this litigation, Mr. Benson has shown a willingness to file numerous fake documents with the aim of harassing his litigation opponents through bogus liens and other actions. It is therefore recommended that the Court issue a vexatious litigant order directing Mr. Benson to

immediately cease all filings in this case, except for a single filing entitled "Objection to Report and Recommendation that Plaintiff be Declared a Vexatious Litigant," pending resolution of Defendants' dispositive motions. In the event the pending dispositive motions are resolved in a manner that does not terminate this case, it is further recommended that the Clerk of this Court not accept any further filing from Mr. Benson unless he first obtains leave from either judge assigned to this case.

It is further recommended that the Court issue a vexatious litigant order directing the Clerk of this Court not to accept for filing any complaint or *in forma pauperis* application from Mr. Benson against any of the defendants named in this case or in his previous case (Case No. 2:16-cv-1268-RFB-PAL) unless Mr. Benson first obtains leave from a Judge of this Court. Similarly, it is further recommended that the Court issue a vexatious litigant order directing the Clerk of this Court not to accept for filing any complaint or *in forma pauperis* application from Thomas Benson involving allegations related to the incident in May 2016 in which Mr. Benson was handcuffed, regardless of the Defendants named therein. Before Mr. Benson may file an action, he must first file a motion for leave to file a complaint. Mr. Benson must submit a copy of this Court's vexatious litigant order and a copy of the proposed complaint with any such motion. If the Court does not grant Mr. Benson written permission to file a complaint within thirty days of the date of his motion, permission will be deemed denied.

### III. CONCLUSION

In light of the above, the undersigned **RECOMMENDS** that Mr. Benson be declared a vexatious litigant subject to pre-screening of future complaints he seeks to file in this District, and subject to a bar on filings in this case without approval other than an objection hereto without pre-screening.

DATED: October 23, 2017

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme

Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).