# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS BENSON, | Case No. 2:17-cv-00447-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are Motions to Dismiss filed by various Defendants, a Motion for Default Judgment filed by Plaintiff, and several Motions involving Plaintiff's request for Jury Trial.

## II. BACKGROUND

### a. Factual Allegations[1]

In the operative Amended Complaint, Plaintiff[2] lists the following Defendants[3]: State of Nevada; County of Clark; City of Las Vegas; Kenneth Mead ("Mead"); Michael Madland; Douglas Gillespie ("Gillespie"); D. King ("King"); Fox 5 News; Las Vegas Metropolitan Police Department ("LVMPD"); United States Federal Bureau of Investigations ("FBI"); B. Vanoosbree

---

[1] While these allegations appear under the heading "First Cause of Action – Trespass," the Court finds these to be the general factual allegations that form the background of the case.

[2] Plaintiff refers to himself throughout the Complaint as "Claimant."

[3] Plaintiff refers to the Defendants as "Counterdefendants."

("Vanoosbree"); Clark County Sheriff Department ("CCSD"); S. Jung ("Jung"); United States Department of the Treasury ("Treasury"); FBI Agents Doe 1 through 40 ("FBI Agents"); LVMPD Does 1 through 30; Department of the Treasury Doe 1; Department of the Treasury Doe 2; United States, Inc.; Ewing Brothers Towing Company; Las Vegas Review Journal ("LVRJ"); Eli Segall ("Segall"); and Jason Gunnell ("Gunnell"). His allegations are somewhat difficult to understand, but the Court construes his Complaint to allege the following: On May 11, 2016, Plaintiff was traveling in his private automobile to 5464 Sierra Brook Court. Plaintiff stopped his car and was told by Defendant Madland that there was a "police investigation" in progress and that Plaintiff was to leave. Plaintiff immediately got in his car and started to travel away. After 30 feet of travel, Plaintiff stopped his car and used a phone to video record nonparties Miguel and Miguelito Barraza in hand cuffs in front of a neighbor's house. An unidentified police officer then yelled at Plaintiff to stop his car. An unidentified police officer opened the door to Plaintiff's private property, the car, and then told Plaintiff to exit the car. Plaintiff was then placed in handcuffs and was told he was being detained.

Plaintiff was then searched without his consent. While the officer was reaching into Plaintiff's pockets, Plaintiff told the officer "I do not give permission to search me," but the officer removed Plaintiff's private property including claimant's wallet and pen knife, without Plaintiff's permission. While Plaintiff was being detained, one of the officers spoke to a dispatcher who was audible, and Plaintiff overheard the office say, "He is on the do-not-detain list." Defendant Madland responded with "I don't care," in defiance to orders from his superiors. Plaintiff then observed Madland searching Plaintiff's car. Plaintiff told Madland that Plaintiff did not give permission for his car to be searched. Defendant Mead, acting under color of law, detained Plaintiff and cited him for violating codes of Nevada law, in a citation numbered under the statutory system as 1-05262980 and 1-05262981 (event #160511-3437) as though Plaintiff was subject to Mead's jurisdiction even though Plaintiff did not consent to such jurisdiction and the dispatcher informed Defendant that Plaintiff was on the do not detain list.

Defendants held Plaintiff in actual imprisonment with his arms bound behind his back for hours on the side of the road. He was imprisoned in full view of the public. Plaintiff signed the

citation under duress, due to the fact that Mead was armed with a weapon. Defendant Mead then ordered claimant to appear in an inferior "Justice Court" rather than a Court of Justice as required, as though Defendant Mead has jurisdiction over a people of Nevada such as Plaintiff. Defendant Mead falsely swore in an affidavit that he had probable cause to detain Plaintiff and referred to Plaintiff as a "person" who committed "offenses contrary to law." Defendants Mead's citation also falsely referred to Plaintiff's private conveyance as a "vehicle," falsely claimed that texting while driving is "unlawful," and falsely accused claimant of "driving" when in fact, Plaintiff was not engaged in operating a motor vehicle for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

### b. Procedural History

Plaintiff filed the original Complaint on February 10, 2017. (ECF No. 1). Ewing Bros., Inc.., incorrectly named as Ewing Brothers Towing Company, filed a Motion to Dismiss (ECF No. 11) and Motion for More Definite Statement (ECF No. 12) on March 2, 2017. Defendants CCSD, Gillespie, LVMPD, Madland, and Mead (collectively, "Law Enforcement Defendants") filed a Motion to Dismiss on March 2, 2017. (ECF No. 13). The same day, Plaintiff filed an Amended Complaint. (ECF No. 15). Plaintiff alleges the following causes of action in the Amended Complaint: (1) trespass on case, against Madland, Mead, and Ewing Brothers; (2) trespass on case, against LVRJ and Segall; (3) trespass, against "international terrorist Defendants;" (4) trespass, against international terrorist Defendants, LVRJ, and Segall; and (5) trespass, against Mead, investigator Doe 1, Gunnell, and State of Nevada.

Segall filed a Motion to Dismiss on March 6, 2017. (ECF No. 21). City of Las Vegas filed a Motion to Dismiss on March 7, 2017. (ECF No. 24). Ewing Bros., Inc.. filed a Motion to Dismiss the Amended Complaint on March 14, 2017. (ECF No. 28). County of Clark and KVVU Broadcasting Corporation, incorrectly named as Fox 5 News, also filed Motions to Dismiss the Amended Complaint on March 14, 2017. (ECF Nos. 29, 31). On March 16, 2017, Law Enforcement Defendants, now including D. King, filed a Motion to Dismiss the Amended Complaint. (ECF No. 34). On March 22, 2017, Plaintiff filed a document that appears to be a Response to the Motions to Dismiss filed by Ewing Brothers, City of Las Vegas, Segall, and

additionally addresses "all Motions submitted by the [Defendants]." (ECF No. 40). On March 29, 2017, Law Enforcement Defendants filed Replies. (ECF Nos. 44, 45). On March 31, 2017 and April 3, 2017, Ewing Bros., Inc.., County of Clark, City of Las Vegas, and Segall filed Replies. (ECF Nos. 47, 48, 49, 50, 51, 52). Gunnell filed a Motion to Dismiss the Amended Complaint on April 4, 2017. (ECF No. 53). KVVU Broadcasting Corporation filed a Second Motion to Dismiss on April 5, 2017. (ECF No. 55). LVRJ filed a Motion to Dismiss the Amended Complaint on April 6, 2017. (ECF No. 57). The same day, Plaintiff filed a Motion for Default Judgment against all Defendants, on the basis that their arguments were frivolous. (ECF No. 62). On April 14, 2017, LVRJ and Segall filed a Special Motion to Dismiss pursuant to Nevada Revised Statute ("NRS") § 41.660. (ECF No. 63). KVVU Broadcasting Corporation, LVRJ, and Segall filed Responses to Plaintiff's Motion for Default Judgment on April 21, 2017. (ECF Nos. 67, 68). Law Enforcement Defendants filed a Response to Plaintiff's Motion for Default Judgment on April 24, 2017. (ECF No. 70). On April 26, 2017, Ewing Brothers filed a Response to Plaintiff's Motion for Default Judgment. (ECF No. 72). City of Las Vegas filed its Response to Plaintiff's Motion for Default Judgment on April 27, 2017. (ECF No. 76). The following day, LVRJ and Segall filed a Reply to their Special Motion to Dismiss. (ECF No. 77).

On June 20, 2017, Law Enforcement Defendants filed an Emergency Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 82). Within the following week, KVVU Broadcasting Corporation, LVRJ, Segall, Ewing Bros., Inc.., Inc., Gunnell, and County of Clark filed Joinders to the Motion. (ECF Nos. 84, 86, 89, 91, 95). After numerous other filings by the parties, particularly Plaintiff, Magistrate Judge Koppe entered a Report and Recommendation recommending that Plaintiff be declared a vexatious litigant. (ECF No. 134). The Court adopted the Report and Recommendation and granted Defendants' [82] Motion on November 13, 2017. (ECF No. 135).

On September 25, 2017, Plaintiff filed a motion for jury trial (ECF No. 112) and the same day filed a document styled as a "writ" granting the request for jury trial (ECF No. 113). Plaintiff later filed an amended "writ" granting the request for jury trial, on September 28, 2017. (ECF No. 118). LVRJ and Segall filed Motion to Strike the writ and amended writ on September 27, 2017

and September 29, 2017 (ECF Nos. 116, 119). Between October 2, 2017 and October 6, 2017, Law Enforcement Defendants, KVVU Broadcasting Corporation, County of Clark, Ewing Bros., Inc.., and Gunnell filed Joinders to the Motions to Strike. (ECF Nos. 120, 122, 123, 124, 125, 126).

### III. LEGAL STANDARD – MOTION TO DISMISS

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**IV. DISCUSSION**

**a. Ewing Bros., Inc. Motions to Dismiss (ECF Nos. 11, 28)**

The Court may only hear disputes over which it has subject matter jurisdiction. A defendant may move to dismiss a complaint for lack of such jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984-85.

Ewing Bros., Inc. ("Ewing Bros.")[4] argues that the Amended Complaint did not substantively change the failings of the original Complaint, and refers to its original Motion to Dismiss. In that Motion, Ewing Bros. first argued that Plaintiff failed to effectuate service upon a real entity in the correct manner. Defendant additionally argued that the Court lacks subject matter jurisdiction, as Plaintiff only pleads state law causes of action, and all parties are citizens of Nevada. Ewing Bros. further contends that Plaintiff already filed a federal case involving the same operative facts, and Plaintiff improperly seeks to split his cause of action. In the Motion to Dismiss the Amended Complaint, Ewing Bros. argue that dismissal is warranted since the Complaint is brought by an individual who claims not to belong to any recognized republic or nation and fails to recognize that Nevada law applies to him. In the alternative, Ewing Bros. requests a more definite statement. (ECF No. 12). Defendant argues that the only allegations made against it are vague and conclusory; even if true, all Ewing Bros. did was tow a vehicle at the request of police. Pursuant to NRS § 706.4485, a tow company contacted by law enforcement must comply with the orders and standards given by the agency. NRS § 108.270 allows a towing company to detail a vehicle until the lien against the vehicle is paid. Plaintiff did not exhaust administrative remedied before bringing this action against Ewing Bros.

Plaintiffs' Response to the Motion (ECF No. 42), was stricken. However, he does include

---

[4] Defendant argues that it has been incorrectly named "Ewing Brothers Towing Company," and that its correct name is "Ewing Bros., Inc."

some response in ECF No. 40. He argues that he is not subject to Ewing Bros. jurisdiction, and that counsel for Ewing Bros. is unqualified and lacks comprehension of the law.

The Court finds that, although Plaintiff's claims against Ewing Bros. are based upon state law, the Court may exercise supplemental jurisdiction. Below, the Court discusses claims based upon federal law. However, the Court agrees with Ewing Bros. that Plaintiff fails to state a claim for relief against them, and offers no legal argument in response to the Motion. Therefore, the Motion to Dismiss (ECF No. 28) is granted. Amendment would be futile, as Plaintiff does not allege any unlawful conduct that would implicate this Defendant. The prior Motions (ECF Nos. 11, 12) are denied as moot.

### b. Law Enforcement Defendants' Motions to Dismiss (ECF Nos. 13, 34)

The Court will not hear claims that have been already tried and a final judgment entered. "Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). Res judicata applies only when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)). Further, the doctrine of "[r]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark, 966 F .2d at 1320.

In their Motion to Dismiss the Amended Complaint, Law Enforcement Defendants argue that Plaintiff's first, second, fourth, fifth, and sixth causes of action are barred by the doctrine of res judicata, as Plaintiff brought the same claims before this Court in 2:16-cv-01268-RFB-PAL, which he voluntarily dismissed. These Defendants request the Court take judicial notice of the prior suit. The first two causes of action were either asserted in the first case, or could have been. The fourth and fifth causes of action arise from the same nucleus of facts. The facts of the sixth cause of action were also pled in the first case. King argues that the Court should dismiss the Amended Complaint against him because there are no allegations specifically against him. Mead contends that the sixth cause of action as pled against him is vague and the proffered bases of why

the grand jury investigation was improper – because Plaintiff believes statutes are not law and that the investigation was not brought in a court of record – are not grounds for relief. Additionally, Mead argues that there are no facts that state a claim for relief against him.

In ECF No. 40, Plaintiff includes mostly general arguments against all Defendants: that their motions to dismiss lack merit, that their counsel is unqualified, and that the Defendants do not have jurisdiction over him. There doesn't appear to be any legal argument against Law Enforcement Defendants, and there does not appear to be a separate Response filed.

The Court grants the Motion to Dismiss the Amended Complaint, as the allegations against Law Enforcement Defendants are virtually identical to those asserted in the prior cause of action. The doctrine of res judicata is applicable to bar Plaintiff's claims against the Law Enforcement Defendants that were parties in the prior case. Further, Plaintiff offers no responsive argument providing a basis for denying the Motion to Dismiss, and provides no support for the claim against King. The Court denies the prior Motion to Dismiss (ECF No. 13) as moot.

### c. Segall's Motion to Dismiss (ECF No. 21)

Under Nevada law, a claim for defamation has four elements: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." Pope v. Motel 6, 114 P.3d 277, 282 (Nev. 2005). If the defamatory statement "imputes a person's lack of fitness for trade, business, or profession, or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc., 213 P.3d 496, 503 (Nev. 2009) (citation and quotation marks omitted).

Segall makes the following arguments in the Motion to Dismiss: the Court lacks subject matter jurisdiction over the causes of action, Plaintiff fails to plead all elements of a defamation claim, and that Segall has a valid First Amendment defense. Regarding this defense, Segall contends that the First Amendment bars the monetary relief Plaintiff seeks, and that his request for injunctive relief is an unconstitutional prior restraint. Further, Segall argues that Plaintiff fails to show that he requested a retraction under NRS § 41.336.

Plaintiff filed a Response to the Motion (ECF No. 42), but the document, styled as a sham order, was stricken by the Magistrate Judge (ECF No. 96). Plaintiff does include some responsive argument in ECF No. 40. He states that the Motion to Dismiss was erroneous because it referred to Plaintiff as "pro se," which he believed was incorrect. He additionally argues that the First Amendment does not protect lies. Plaintiff also asserts – somewhat confusingly – that Segall's characterization of the cause of action reflects counsel's lack of knowledge of law. However, Plaintiff makes no argument about why the Court has subject matter jurisdiction, and does not respond to the argument that he failed to request a retraction.

The Court construes Plaintiff's allegations against Segall as a defamation claim. As above, the Court may exercise supplemental jurisdiction over this claim. The Court nonetheless finds that Plaintiff fails to establish such claim. The first element of a defamation claim requires a false statement – even construing the facts alleged as true, the Court agrees that Segall's article in the Las Vegas Review-Journal describing Plaintiff as a "purported sovereign citizen," amounts to an opinion based upon publicly available information. Plaintiff appears to allege that a defamation claim exists based upon the mere publication of the article, but does not include facts to establish that the statements in the article are false, aside from his assertions that he is a "people of Nevada" and cannot therefore be considered a sovereign citizen. Furthermore, Plaintiff does not allege facts that Segall's alleged publication was unprivileged.

For these reasons, the Court grants Segall's motion to dismiss.

### d. City of Las Vegas' Motion to Dismiss (ECF No. 24)[5]

For a plaintiff to assert a violation 42 U.S.C. § 1983 by state actors, he must establish an underlying constitutional violation. "Section 1983 does not create substantive rights but merely is a device for enforcing certain constitutional provisions or federal statutes. See <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 617 (1979). The elements of a Section 1983 claim are: (1) violation of rights protected by the Constitution or created by federal statute, (2)

---

[5] City of Las Vegas files this Motion in response to the original Complaint. According to the docket, it appears this Defendant was not served with the Amended Complaint.

proximately caused (3) by conduct of a "person" (4) acting "under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Local governments can be held liable under Section 1983 for deprivations of federal rights only if the violation is caused by action taken pursuant to official municipal policy or custom. Municipalities may not be held liable under a theory of respondeat superior. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 (1978). There are four ways to establish municipal liability: 1) Official decision by policymaking body (Monell); 2) Action by one with final policymaking authority (Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986)); 3) Failure to train (City of Canton v. Harris, 489 U.S. 378, 388 (1989); and 4) Custom (Gillete v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992))."When an individual sues a local government for violation of a constitutional right, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. County of L.A., 477 F.3d 652, 667 (9th Cir.2007) (quoting Monell, 436 U.S. at 694–95). "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. "In this circuit, a claim of municipal liability under [Section] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (internal quotation marks omitted).

The City of Las Vegas argues that the Court lacks subject matter jurisdiction over the dispute, and that Plaintiff does not properly distinguish factual allegations between Defendants. The City of Las Vegas contends that Plaintiff's allegations are exclusively against the LVMPD; the Complaint does not allege that any employee of the City of Las Vegas was involved in the arresting incident, nor does it allege that any policy, practice or custom promulgated by the municipality was the moving force behind his alleged indignities. This Defendant argues that it is not responsible for LVMPD's actions. Further, the City of Las Vegas argues that even if Court construes allegations as a Monell claim, Plaintiff's claims fail. There is no vicarious liability for § 1983 claims.

As discussed above, Plaintiff's Response (ECF No. 42) was stricken. There is some response in ECF No. 40; Plaintiff argues that the City's motion lacks merit because the City is liable through its contract with LVMPD. Further, Plaintiff contends that this Court has general jurisdiction "over all matters and all people." He does not cite any law in support of this premise. As above, he also makes general arguments against all Defendants that the motions to dismiss were submitted by foreign agents that failed to register with the government, and that the motions lack merit.

The Court construes Plaintiff's claim against City of Las Vegas as a Monell claim, and therefore finds that it has jurisdiction over the claim. However, the Court agrees that Plaintiff makes no factual allegations against City of Las Vegas, and that amendment would be futile because the bulk of Plaintiff's allegations regarding the arrest and citation are barred by the doctrine of res judicata. The Court also recognizes Plaintiff's lack of responsive legal argument regarding the claim; although the Court may liberally review a pro se Complaint, such Complaint must articulate some basis for relief to survive a motion to dismiss. Plaintiff fails to make even a "bare allegation that the individual officers' conduct conformed to official policy, custom, or practice," and furthermore identifies no such policy, custom, or practice. Here, Plaintiff consistently asserts that he is not a "citizen" of the United States and therefore the laws do not apply to him, which is insufficient for stating a claim. Moreover, for certain Defendants such as the City of Las Vegas, he fails to allege any facts implicating an actor at all. The Court therefore grants City of Las Vegas' Motion to Dismiss.

### e. County of Clark's Motion to Dismiss (ECF No. 29)[6]

County of Clark argues that Plaintiff's Complaint should be dismissed against it because Plaintiff fails to make any allegations describing County conduct or identifying County actors. Further, County of Clark contends that Plaintiff's Complaint consists primarily of legal conclusions.

As discussed above, Plaintiff's Response (ECF No. 42) was stricken. In ECF No. 40,

---

[6] County of Clark appears to file this Motion in response to the original Complaint. According to the docket, it appears this Defendant was not served with the Amended Complaint.

- 11 -

Plaintiff does not specifically mention Defendant County of Clark but appears to make general argument against all Defendants: that the motions to dismiss lack merit and counsel for all Defendants do not understand the law.

The Court has subject matter jurisdiction over this claim against a municipality for the reasons stated above. The Court finds that Plaintiff fails to state a claim against County of Clark, as there are no allegations against the County. Plaintiff appears to conflate the County with the Law Enforcement Defendants. As there are no factual allegations against this Defendant, and Plaintiff makes no responsive argument as to this particular Defendant, the Motion to Dismiss is granted.

### f. KVVU Broadcasting Corporation's Motion to Dismiss (ECF No. 31)

KVVU Broadcasting Corporation ("KVVU")[7] argues in its Motion to Dismiss that Plaintiff dismissed his prior action based on the same facts with prejudice, and his Amended Complaint should be barred by the doctrine of res judicata. Further, there are no causes of action against KVVU (or the incorrectly sued party, Fox 5 News). KVVU also filed a Second Motion to Dismiss (ECF No. 55). It appears to be substantially identical to the prior motion.

In ECF No. 40, Plaintiff does not specifically mention this Defendant but appears to make general argument against all Defendants, that the motions to dismiss lack merit and counsel for Defendants do not understand the law. Plaintiff does not appear to have filed a Response to the Second Motion to Dismiss.

The Court finds that Plaintiff fails to state a claim against KVVU. Aside from mention of Fox 5 News in the caption, and in the list of parties, there is no mention of this Defendant elsewhere in the Amended Complaint. Additionally, the Court finds that Plaintiff failed to respond to the arguments raised in this motion. Therefore, KVVU's Motion to Dismiss (ECF No. 31) is granted. The Second Motion to Dismiss (ECF No. 55) is denied as moot.

### g. Gunnell's Motion to Dismiss (ECF No. 53)

Senior Deputy Attorney General Gunnell filed a Motion to Dismiss on the grounds that

---

[7] Defendant argues that it has been incorrectly named "Fox 5 News," and that its correct name is "KVVU Broadcasting Corporation."

Plaintiff failed to state a claim against Gunnell, and Gunnell is entitled to prosecutorial and qualified immunity. Gunnell contends that the only allegations against him specifically appear in what is designated in the Amended Complaint as the sixth cause of action for trespass. Gunnell argues that he is entitled to absolute prosecutorial immunity, as the actions related to a grand jury indictment – specifically the <u>Marcum</u> notice provided to Plaintiff – are within the "traditional functions" of his role. Gunnell argues that Plaintiff is using this lawsuit as a means to punish and harass Gunnell so that he abandons pursuit of criminal charges against Plaintiff. In Gunnell's view, none of the allegations against him involve actions performed outside of his prosecutorial duties. Additionally, Plaintiff does not recite any elements or sufficient factual allegations to put Gunnell on notice of the allegations against him. Gunnell has no role in drafting, passing, or executing laws – therefore, Plaintiff's belief that Nevada laws do not apply to him cannot be the basis for relief against Gunnell. Gunnell further argues that he is entitled to qualified immunity, if the Court finds that his role, based on the facts alleged, was more akin to an investigative or administrative one. Nevada law requires the Attorney General's Office to provide Plaintiff a <u>Marcum</u> notice, which Plaintiff did receive. Therefore, there is no constitutional violation. Plaintiff does not appear to have filed a Response to the motion.

The Court construes Plaintiff's claim against Gunnell as one for a Section 1983 violation, as Plaintiff alleges that a state official violated his constitutional rights. The Court first finds that the nature of the alleged underlying constitutional violation is unclear. In the Amended Complaint, Plaintiff appears to challenge the grand jury indictment on the basis that he was convicted of violating Nevada statutes despite his belief that "statutes [are] not [ ] law." Because he does not identify a constitutional right violated, much less a clearly established one, he fails to state a Section 1983 claim. Therefore, the Court grants the Motion to Dismiss.

### h. LVRJ's Motions to Dismiss (ECF Nos. 57, 63)

Defendant Las Vegas Review-Journal raises arguments in its motion similar to those raised in Segall's motion to dismiss. LVRJ argues that the Court lacks subject matter jurisdiction over the defamation claim. LVRJ contends that the Court should nonetheless examine the merits of the defamation claim and find that Plaintiff fails to allege the necessary elements for a defamation

claim: he doesn't allege facts to demonstrate that the November 26, 2016 article was false or defamatory, as LVRJ merely sets forth an opinion, and he doesn't allege facts that demonstrate the article was unprivileged – his claim is barred by Nevada's robust fair reporting privilege. LVRJ additionally argues that Plaintiff failed to allege that he requested a retraction under NRS § 41.336, and his request for injunctive relief is an unconstitutional prior restraint. LVRJ finally asserts that Plaintiff should not be granted leave to amend the Complaint, as amendment would be futile. Segall and LVRJ jointly filed a Special Motion to Dismiss (ECF No. 63) on the grounds that the Nevada's statute prohibiting strategic lawsuits against public participation ("anti-SLAPP") entitles these Defendants to relief, including an award of attorneys' costs and fees and a separate award of damages, due to the vexatious litigation brought by Plaintiff.

Plaintiff does not appear to have filed a Response to LVRJ's Motion to Dismiss. However, Plaintiff did file a document addressing the anti-SLAPP motion that he styled as a "writ of denial" (ECF No. 69) which was stricken by the Magistrate Judge (ECF No. 96).

The Court grants LVRJ's Motion to Dismiss for the reasons discussed above with respect to Segall's Motion to Dismiss. The Court finds that Plaintiff's purported write was properly stricken, as it is yet another sham order filed in this case. As the Court grants the Motion to Dismiss, it denies as moot the Special Motion to Dismiss.

### i. Plaintiff's Motion for Default Judgment (ECF No. 62)

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and

(7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

Plaintiff filed a Motion for Default Judgment as to all Defendants except the State of Nevada, arguing that the motions to dismiss do not rebut his allegations and are based on frivolous arguments, when said arguments are "foreign to this court."

Responding Defendants – KVVU, Law Enforcement Defendants, Ewing Bros., City of Las Vegas – argue that Plaintiff is not entitled to Default Judgment because the Defendants filed motions to dismiss that were still pending at the time Plaintiff filed his motion.

The Court agrees with Defendants that Plaintiff has not followed the procedure required by Federal Rule of Procedure 55 and Eitel. Plaintiff has not obtained a clerk's entry of default as to any Defendant that has appeared in this case, and cannot request default judgment simply because he believes that the motions to dismiss lack merit.

With respect to the remaining Defendants that have not appeared – FBI, Vanoosbree, Jung, and Treasury – the Court finds that there is no basis to enter default judgment, as Plaintiff fails to assert any allegations against these Defendants in the Amended Complaint. In fact, outside of the caption of the document and the list of the parties, the names of these Defendants do not appear anywhere else in the Amended Complaint.

For these reasons, the motion is denied.

### j. Motions Regarding Jury Trial (ECF Nos. 112, 113, 116, 118, 119)

The Court first finds that there is no basis for granting Plaintiff's request for a jury trial, as there are no surviving claims against any Defendant[8], and Plaintiff's motion consists of argument that misstates the law and accuses officers of the Court, and the Court itself, of conspiring to usurp the Court's own authority. The Court further finds that Plaintiff's filing of "writs," styled as orders

---

[8] Although Defendant State of Nevada did not file a Motion to Dismiss, the Court finds that there are no allegations in the Amended Complaint against this Defendant, aside from the cursory assertion that State of Nevada violated Plaintiff's rights.

granting motions in Plaintiff's favor, is both an improper attempt to prejudice Defendants, as well as an inappropriate use of judicial resources. Plaintiff has repeatedly engaged in this duplicitous and vexing conduct throughout the litigation; the Court therefore finds cause to grant the motions to strike.

The Court finds that there are no remaining claims against any Defendants in this case. Plaintiff has failed to state any plain cognizable claims as to all remaining named defendants in this case as he makes no specific allegations regarding any remaining named defendants.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** Defendants' Motions to Dismiss (ECF Nos. 28, 34, 21, 24, 29, 31, 57) are GRANTED, and Defendants' Motions to Dismiss (ECF Nos. 11, 13, 53, 55) are DENIED AS MOOT; Any other outstanding motions are DENIED without prejudice as moot.

**IT IS FURTHER ORDERED** that LVRJ and Segall's Special Motion to Dismiss (ECF No. 63) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 62) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial (ECF No. 112) is DENIED.

**IT IS FURTHER ORDERED** that LVRJ and Segall's Motion to Strike (ECF No. 116) Motion (ECF No. 113) and Motion to Strike (ECF No. 119) Motion (ECF No. 118) are GRANTED. The Clerk of Court is INSTRUCTED to STRIKE ECF No. 113 and ECF No. 118.

The Clerk of Court is instructed to close this case.

DATED: March 30, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**